PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| RONALD PHILLIPS, | ) | CASE NO.   5:09-CV-01848 |
|  | ) |  |
| Petitioner, | ) |  |
|  | ) | JUDGE SOLOMON OLIVER |
|  | ) |  |
| v. | ) | MAGISTRATE JUDGE PEARSON |
|  | ) |  |
| KEITH SMITH, Warden, | ) |  |
|  | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | **AND ORDER** |

Before the Court is Petitioner Ronald Phillips' motion for an extension of time to file his traverse and for stay and abeyance of his habeas petition.  ECF No. 9.  Based upon the record before it and applicable law, the Court grants Phillips a 14-day extension of time from the date of this Memorandum and Order to file a traverse.  Phillips' motion for stay and abeyance is denied for the reasons provided below.

## I.  Relevant Factual and Procedural History

On August 7, 2009, Phillips, an inmate in a state prison, sought habeas corpus relief pursuant to a filing under Title 28, United States Code, Section 2254.  ECF No. 1.  On December 28, 2009, Phillips filed a motion for stay and abeyance his petition for habeas relief and for extension of time to file his traverse.  ECF No. 9.  On January 27, 2010, Phillips inquired about the status of his motion and requested a copy of the docket *via* a letter.  ECF No. 10.  Without elaborating, in the letter, Phillips claimed that he had recently learned that one of the charges brought against him does not constitute a criminal offense under Ohio law and therefore is

(1:09-CV-01012)

unconstitutional.  ECF No. 10.  On February 10, 2010, the Court granted Respondent leave to

respond to Phillips' motion for extension of time and for stay and abeyance.  Respondent had no

objection to the motion for extension of time and opposed the motion for stay and abeyance.

## II.  Law and Analysis

### A.  Motion for Stay and Abeyance

A court has the discretion to grant a stay and hold the federal proceedings in abeyance

pending the exhaustion of the still unexhausted claims of a habeas petition if the petition also

contains exhausted claims, *i.e.*, is a mixed petition.  *See Rhines v. Weber*, 544 U.S. 269 (2005).

State prisoners must exhaust their state remedies prior to raising those claims in a federal habeas

corpus proceedings.  *See* 28 U.S .C. § 2254(b)-(c); *Rose v. Lundy*, 455 U.S. 509 (1982).  This

exhaustion  requirement is satisfied "when the highest court in the state in which the petitioner

was convicted has been given a full and fair opportunity to rule on the petitioner's claims."

*Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir.1990).

Granting a stay and abeyance effectively excuses a petitioner's failure to have first

presented his claims the state courts. A stay and abeyance, therefore, is only appropriate when the

district court determines there was good cause for the petitioner's failure to first exhaust his

claims in state court.  Moreover, even if a petitioner had good cause for that failure, the district

court would abuse its discretion if it were to grant a stay when the unexhausted claim is plainly

meritless.  *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied

on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the

courts of the State.").  A district court may, in its discretion, grant a stay to allow the petitioner to

(1:09-CV-01012)

pursue unexhausted claims that are not plainly meritless when there is good cause for the failure to exhaust the claim in state court. A claim is unexhausted only if state remedies remain available to the petitioner for that specific claim.

Claiming that his judgment is void because post-release control was not properly included in his sentencing judgment entry, Phillips has moved the Court to stay his federal habeas proceedings while he pursues that issue in state court. ECF No. 9 at 4. Phillips asserts that the State trial court judgment is not valid, and without an valid judgment it is as though his sentencing never occurred. ECF No. 9 at 4.

Phillips does not seek to exhaust an existing but unexhausted claim. Rather, he asks the Court to allow him to pursue a new claim — one that is not before this Court — in a new State proceedings. To the extent Phillips is correct – the State court failed to properly include post-control release in his State judgment entry – a procedural remedy has been codified in Ohio's Revised Code ("R.C.") Section 2929.191(C)[1] and interpreted by the Ohio Supreme Court. In

---

[1] R.C. 2929.191(C) states: On and after the effective date of this section, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division(A)(1) or (B)(1) of this section shall not issue the correction until after the court has conducted a hearing in accordance with this division. Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. The offender has the right to be physically present at the hearing, except that, upon the court's own motion or the motion of the offender or the prosecuting attorney, the court may permit the offender to appear at the hearing by video conferencing equipment if available and compatible. An appearance by video conferencing equipment pursuant to this division has the same force and effect as if the offender were physically present at the hearing. At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction.

-3-

(1:09-CV-01012)

December 2009, the Ohio Supreme Court ruled that R.C. 2929.191(C) is the remedial mechanism

by which a State trial court may prospectively correct a sentence that lacks the proper imposition

of post-release control.[2]  Phillips' 15-year, including a five-year mandatory specification,

sentence was imposed  in December 2006, after R.C. 2929.191(C) was enacted.  Therefore, the

remedial procedure described below applies to Phillips' sentence.[3]

> Effective July 11, 2006, R.C. 2929.191 establishes a procedure to remedy
> a sentence that fails to properly impose a term of postrelease control. It
> applies to offenders who have *not yet been released from prison and who*
> *fall into at least one of three categories: those who did not receive notice at*
> *the sentencing hearing that they would be subject to postrelease control,*
> *those who did not receive notice that the parole board could impose a*
> *prison term for a violation of postrelease control, or those who did not*
> *have both of these statutorily mandated notices incorporated into their*
> *sentencing entries*. R.C. 2929.191(A) and (B). For such offenders, R.C.
> 2929.191 provides that *trial courts may*, after conducting a hearing with
> notice to the offender, the prosecuting attorney, and the department of
> rehabilitation and correction, *correct an original judgment of conviction by*
> *placing on the journal of the court a nunc pro tunc entry that includes a*
> *statement that the offender will be supervised under R.C. 2967.28 after the*
> *offender leaves prison and that the parole board may impose a prison term*
> *of up to one-half of the stated prison term originally imposed if the*
> *offender violates postrelease control*.

*State v. Singleton*, 2009WL4932715, at *8, ¶ 23 (emphasis added).

    The alleged error in Phillips' sentencing judgment entry – the entry's failure to inform him

of the mandatory five-year term of post-release control – is of precisely the type the statutory

_____

    [2]  "Prospective" means on or after the enactment date of the statute, July 11, 2006.  *See*
*Singleton*, 2009WL4932715, at *9, ¶35.

    [3]  The procedure prescribed in R.C. 2929.191(C) dashes Phillips' apparent hopes of
having his sentence nullified or otherwise declared void.  Rather, R.C. 2929.191(C) permits the
State court to correct the judgment of conviction without interruption to Phillips' term of
incarceration.

(1:09-CV-01012)

remedy was designed to correct.  *Id.*  Accordingly, Phillips' motion for stay and abeyance is without merit and DENIED.

**B.  Motion for Extension of Time**

Phillips requested an extension of time to file his traverse until after the undersigned ruled on his motion for stay and abeyance.  ECF No. 9.  Phillips is hereby GRANTED an extension of 14 days from the date of this order to file his traverse.

The Court will provide a copy of this Order, *via* U.S. mail, to Ronald Phillips, Petitioner. A copy of this Order will also be sent to the Warden, *via* U.S. mail.


IT IS SO ORDERED.


  February 17, 2010                                  *s/ Benita Y. Pearson*
Date                                                    United States Magistrate Judge