PEARSON, MJ.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RONALD PHILLIPS, | CASE NO. 5:09CV1848 |
| Plaintiff, | |
| | JUDGE SOLOMON OLIVER |
| | MAGISTRATE JUDGE PEARSON |
| v. | |
| KEITH SMITH, WARDEN, Mansfield Correctional Institute, | |
| Defendant. | **MEMORANDUM OF OPINION AND ORDER** (Resolving ECF Nos. 15 and 16) |

Ronald Phillips, an inmate in a state prison, seeks habeas corpus relief pursuant to a petition filed under Title 28, U.S.C. § 2254. ECF No. 1. Related to the pending habeas petition and also pending before the Court are Petitioner Phillips' motions entitled, "Motion for Leave to Amend Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and Motion for Stay and Abeyance" (ECF No. 15) and "Motion for Temporary Injunction of Restraining Order During the Pendency of the Litigation of This Case" (ECF No. 16). Based upon the record before it and applicable law, the Court GRANTS Phillips' motion to amend his petition and DENIES Phillips' remaining motions in their entirety.

### I. Relevant Background

Phillips filed his habeas petition on August 7, 2009. Approximately four months later, on

(5:09CV1848)

December 28, 2009, Phillips sought to stay and hold in abeyance of his petition for habeas relief and an extension of time to file his traverse. ECF No. 9. On February 17, 2010, the Court exercised its discretion and denied Phillips' motion for stay and abeyance because Phillips sought to pursue a new claim in State court, rather than exhaust an existing unexhausted claim and granted Phillips a 14-day extension to file his traverse. *See* ECF No. 14.

Approximately two weeks later, Phillips sought the Court's permission to amend his petition and, again, asked that the action be stayed and the matter held in abeyance. ECF No. 15. Respondent opposed both requests claiming the granting of the motions would be futile due to the procedural default of the proposed amended claims and their lack of merit, engendering a reply from Phillips. ECF No. 17; ECF No. 20.

Approximately one week later, Phillips sought a temporary injunction or restraining order. ECF No. 16. Respondent opposed and Phillips replied. ECF No. 18; ECF No. 21. For the reasons below, Phillips motion to amend his pleading is granted. His motions to stay and hold in abeyance and for a temporary injunction or restraining order are denied.

## II. Law and Analysis

### A. Motion to Amend (ECF No. 15)

Fed.R.Civ.P. 15, governs pleading amendments in civil cases, including habeas corpus proceedings. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Fed.R. Civ.P. 15(a)(1) (A) and (B) permit amendments to pleadings once as a matter of course within 21 days of serving the pleading or 21 days after service of a responsive pleading or certain Rule 12 motions. "In all other cases a party may amend its pleading only with the opposing party's written consent or the

(5:09CV1848)

court's leave." Fed.R.Civ.P. 15(a)(2).[1]

Phillips filed his motion to amend on February 26, 2010, approximately four months after Respondent returned the writ on December 7, 2009 and approximately six months after Phillips initially filed his petition on August 7, 2009. Since Phillips failed to amend within 21 days of service of the petition or 21 days after service of the responsive pleading and Respondent has objected to Phillip's motion to amend, Phillips' only alternative is to obtain leave of court. Fed.R.Civ.P. 15(a)(2).

A court may deny leave to amend under several circumstances, including when the motion results from "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir.1998) (*quoting Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir.1994)) (emphasis added), *cert. denied*, 528 U.S. 842 (1999). Courts have interpreted Rule 15(a) "as setting forth a 'liberal policy of permitting amendments to ensure the determination of claims on their merits.' " *Long v. Warden, Warren Correctional Institution*, 2009 WL 3169964, (September 28, 2009, S.D.Ohio) (*citing Oleson*, 27 Fed.Appx. at 569) (*quoting Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir.1987), in turn *quoting Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir.1982)).

---

[1] When a petitioner seeks to amend his habeas petition after the expiration of the statute of limitations, a court must determine whether the proposed amendments relate back to the original claims under. *See* 28 U.S.C. § 2254(d); Fed. R. Civ. P. 15(c). *Mayle v. Felix,* 545 U.S. 644, 655 (2005). Phillips' statute of limitations does not expire until September 1, 2010 so the relation back doctrine does not apply. *See* ECF No. 17 n2.

3

(5:09CV1848)

Respondent acknowledges that there has been no undue delay in Phillips' filing of the motion to amend, no lack of notice, no acting in bad faith, nor a likelihood of undue prejudice to Respondent if forced to respond to the amended claims.  Respondent, nevertheless, asks the Court to deny the motion to amend because the proposed amendments are futile, given that they reflect issues of State law that were not appropriately presented to the State court and cannot now be presented.

Futility, alone, can constitute a satisfactory ground for denying a motion for leave to amend.  *See generally Wiedbrauk v. Lavigne*, 174 Fed. Appx. 993 (6th Cir. 2006) (affirming denial of motion to amend when amendment would have been futile).  Permission to amend, however, should be granted freely when justice so requires.  Recognizing that these theories exist in tension rather than harmony with one another, the Court grants Phillips motion amend his petition to reflect Grounds One, Two and Three as set forth at pages 8-10 of ECF No. 15.  Respondent has thirty days from the date of this order to respond.  Phillips has thirty after Respondent's revised Return has been submitted to file his traverse.

Phillips' motion to amend is GRANTED.

**B. Motion for Stay and Abeyance (ECF No. 15)**

State prisoners must exhaust their State remedies prior to raising claims in federal habeas corpus proceedings.  *See* 28 U.S.C. §2254 (b)- (c); *Rose v. Lundy*, 455 U.S. 509 (1982).  This requirement is satisfied "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  A federal court has the discretion to grant a stay

(5:09CV1848)

and hold the federal proceedings in abeyance pending the exhaustion of the unexhausted claims in a habeas petition if the petition also contains exhausted claims. (*i.e.* "mixed petition"). *See Rhines v. Weber*, 544 U.S. 269 (2005).

Stays are available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, a stay is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims in state court first. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. §2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). *Rhines*, 544 U.S. at 277.

Even where a stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited. A mixed petition should not be stayed indefinitely, but instead the court should explicitly condition the stay on the prisoner's pursuit state court remedies with a brief interval in the federal proceedings. If a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant a stay. *Id*. at 278.

On the other hand, it would be an abuse of discretion for the court to deny a stay if (1) the petitioner had good cause for his failure to exhaust, (2) his unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances the district court should stay the mixed petition. *Id*. at 278; *See Lundy*, 455 U.S. at 522.

5

(5:09CV1848)

In his second motion for stay and abeyance (ECF No. 15), Phillips has requested a stay and abeyance so that the State courts can review the claims with which he wishes to amend his petition. ECF No. 15. Such a request is an inappropriate justification for a stay. The purpose of a stay is to hold in abeyance federal proceedings while the petitioner exhausts claims currently existing in State court. A currently existing claim is unexhausted only if State remedies remain available to the petitioner for that specific claim. A claim is exhausted "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990). In this case, Phillips does not simply ask the Court to allow him to exhaust an unexhausted claim, rather, he asks the Court to allow him to pursue a new claim - one not yet before the State court - in a new State proceeding.[2] Accordingly, Phillips' motion to stay and hold in abeyance is DENIED.

### C. Motion for Temporary Injunction or Restraining Order (ECF No. 16)

#### 1. Temporary Restraining Order, Generally

Injunctive relief is not a typical remedy in habeas cases, since the authority of the court to order a custodian to take action in a habeas case in many ways overlaps the scope of relief that can be ordered *via* an injunction. Hacker v. Federal Bureau of Prisons, 450 F.Supp.2d 705, 709 (E.D. Mich., 2006). The Sixth Circuit has explained that "the purpose of a TRO under Rule 65 is

---

[2] Phillips' indicates that commensurate with the filing of his motion to stay, he filed pleadings in State court seeking to withdraw his pleas of guilty. ECF No. 15 at 10-11. To the extent Phillips has filed those related pleadings and the State Court rules before the petition is resolved, the Court will take appropriate notice, if so directed by Phillips, when ruling on his petition.

6

(5:09CV1848)

to preserve the *status quo* so that a reasoned resolution of a dispute may be had." *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir.1996).

In determining whether to issue a temporary restraining order a court should consider (1) whether the movant has shown a strong or substantial likelihood of success on the merits; (2) whether irreparable harm will result without an injunction; (3) whether issuance of a preliminary injunction will result in substantial harm to others; and (4) whether the public interest is advanced by the injunction. *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir.1997). The party seeking injunctive relief must establish its case by clear and convincing evidence. *Draudt v. Wooster City School District Board of Education*, 246 F. Supp.2d 820, 825 (N. D. Ohio 2003). The test is a flexible one and the factors are not prerequisites to be met, but must be balanced. *See Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427 (6th Cir. 2004).

### 2. **Phillips has Failed to Show Injunctive Relief Should be Granted**

Phillips requests that the Court enjoin and restrain Warden Mark Houk of the Lorain Correctional Institution and his Mail Room personnel from refusing or delaying the process of his "Legal Mail" to the Ohio Attorney General. ECF No. 16 at 1.

Phillips has, however, failed to meet the burden of persuasion as to the four factors a court must consider in determining whether to grant injunctive relief. First, with regard to the likelihood of success on the merits, Phillips has not set forth a compelling argument. Phillips does not directly address the likelihood of success in his motion and merely concludes in his reply "through review of the issues submitted . . . there is a potential likelihood of success on the

7

(5:09CV1848)

merits." ECF No. 21 at 5. After reviewing the "issues submitted" the undersigned finds that Phillips has not demonstrated a "strong or substantial likelihood of success on the merits."

Second, Phillips has similarly failed to demonstrate the possibility of irreparable harm. As demonstrated by the docket up to this point in the matter, Phillips has had no problem sending his filings *via* United States mail to the Court and Respondent has duly responded to each of Phillips' filings. As such, this Court finds it likely that Phillips' will not have trouble sending filings *via* United States mail in the future.

Finally, Phillips has failed to demonstrate that no third parties will be harmed or that the injunction will advance the public's interest. Phillips broadly states, without benefit of support or explanation, that there is no danger that a third party will be harmed and that an injunction would have "no impact" on the public. ECF No. 21 at 5. Respondent argues he would suffer substantial harm from an injunction as it could establish a precedent that would entitle Phillips to send free legal mail to anyone. ECF No. 18 at 6. It is also important to note that the ruling may embolden other prisoners to attempt to do the same. Respondent also argues that the public interest will not be advanced by an injunction that "impinges" on the correctional institution's mail regulations. EC F No. 18 at 6. Respondent's arguments are persuasive.

Phillips is not entitled to a temporary restraining order because he has not shown that the applicable factors weigh in favor of granting him such relief. Accordingly, Phillips' Motion for a temporary injunction or restraining order is DENIED.

The circumstances giving rise to Phillip's motion for temporary injunction or restraining order can be addressed in another manner. Respondent has agreed to waive service of process to

8

(5:09CV1848)

the Office of the Ohio Attorney General and will accept receipt of Phillips' filings as soon as the Court has placed the filings on the electronic docket. ECF No. 18 at 3. Phillips accepted Respondent's waiver. ECF No. 21 at 4. The Court hereby acknowledges Respondent's waiver and agrees that the waiver of service eliminates Phillips' concern, given that Respondent will be notified electronically of all pleadings Phillips files with the Court.

### III. Conclusion

Based upon the foregoing analysis, the Court GRANTS in part and DENIES in part Phillips' motion docketed at ECF No. 15 and DENIES ECF No. 16 in its entirety.

IT IS SO ORDERED

                                                 /s/ Benita Y. Pearson

Dated: June 2, 2010                           United States Magistrate Judge