PEARSON, MJ.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD PHILLIPS, | ) | CASE NO. 5:09CV01848 |
| Petitioner, | ) ) ) | |
| | ) | JUDGE OLIVER |
| v. | ) ) | MAGISTRATE JUDGE PEARSON |
| MARK HOUK, Warden, Lorain Correctional Institution, | ) ) ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** |

Before the Court is Petitioner Ronald Phillips' Motion for Appointment of Counsel.[1] ECF No. 25. Based upon the record before it and the applicable law, the Court denies the Motion for Appointment of Counsel without prejudice.

## Discussion

On August 7, 2009, Petitioner sought relief pursuant to a filing under Title 28, United States Code, Section 2254. ECF No.1. Subsequently, Petitioner filed the instant *pro se* motion for appointment of counsel.[2] ECF No. 25.

Phillips requests appointment of counsel because he is indigent and believes he is unable

---

[1] Phillips also requests that if the Court denies his motion, the denial be *without prejudice* so that he may renew his motion at a later date. ECF No. 25 at 4.

[2] Phillips also claims that he simultaneously filed an Application for Leave to Proceed *in forma pauperis*, a financial affidavit, and a combined Affidavit of Indigency and Certificate showing an itemized report of activity for the past 6 months. ECF No. 25 at 2. The only document filed on the docket on July 6, 2010, however, is the instant *pro se* motion.

to continue to successfully litigate on his own due to the "serious and complex issues of law and fact." ECF No. 25 at 3.

The Sixth Circuit has held that there is no constitutional right to counsel in habeas proceedings. *McCaleb v. Gansheimer*, 2006 WL 2404068 *6 (N.D. Ohio, 2006) (*citing Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002)). Moreover, the decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Id.* (*citing Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986)). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *Id.* (*citing Thirkield v. Pitcher*, 199 F. Supp.2d 637, 653 (E.D. Mich. 2002)). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Id.*;*Lemeshko v. Wrona*, 325 F.Supp.2d 778, 787 (E.D. Mich.2004). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.*

A prisoner's indigency alone is generally not enough to warrant appointment of counsel. *Murray v. Giarratano*, 492 U.S. 1 (1989) (holding that indigent habeas petitioners have no constitutional right to a court-appointed attorney); *see also, Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir.1993).

Upon review of the instant *pro se* motion for appointment of counsel and the grounds for relief set forth in the habeas petition and motion to amend, it is clear that the interests of justice

2

do not require the appointment of counsel for Phillips. None of Phillips' *pro se* pleadings make it appear that his abilities or the complexity of the case require the assistance of counsel to ensure access to justice or a reasonable chance at prevailing. See *Thirkield v. Pitcher*, 199 F. Supp.2d 637, 653 (E.D. Mich. 2002). Accordingly, the Court denies Phillips' motion for appointment of counsel.

## Conclusion

For the reasons provided above, the Court denies Petitioner's Motion for Appointment of Counsel, ECF No. 25. **Additionally, in accordance with the Court's previous order (ECF No. 22 at 4) Phillips has until August 2, 2010 to file his Traverse.**

The Court will provide a copy of this Order, via U.S. mail, to Ronald Phillips, Petitioner. A copy of this Order will also be sent to the Warden, via U.S. mail.

IT IS SO ORDERED.

Dated: July 7, 2010  /s/ Benita Y. Pearson
United States Magistrate Judge