UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RONALD PHILLIPS,**            Case No. 5:09 CV 1848

    Petitioner,            Judge Benita Y. Pearson

   v.            REPORT & RECOMMENDATION

**MARK HOUK, WARDEN,**
**MANSFIELD CORRECTIONAL**
**INSTITUTION**,

    Respondent.            Magistrate Judge James R. Knepp II

### INTRODUCTION

The things we say often have consequences, and that is especially true for criminal defendants pleading guilty. Petitioner Ronald Phillips, a prisoner in state custody, pled guilty to drug charges, including a major drug offender specification. After his state appeals proved unsuccessful, he filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent Mark Houk,[1] Warden of the Mansfield Correctional Institution, filed a Return of Writ (Doc. 8), and Petitioner filed a Traverse. (Doc. 30). This matter was referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated January 18, 2011). For the reasons discussed below, the undersigned recommends the Petition be denied.

### FACTUAL BACKGROUND

The Ohio Court of Appeals set forth the following factual background in *State v. Phillips*,

---

[1] Former Warden Keith Smith was originally named as Respondent, but Houk was substituted for Smith during the course of this case.

2008 Ohio 6795 (Ohio Ct. App. 2008):

> Akron Police arrested Phillips on November 22, 2005 after conducting a controlled delivery involving approximately 342 grams of methamphetamine. On December 5, 2005, the grand jury indicted Phillips on the following counts: (1) aggravated possession of drugs, pursuant to R.C. 2925.11(A); (2) aggravated trafficking in drugs, pursuant to R.C. 2925.03(A)(2), with a major drug offender specification, pursuant to R.C. 2941.1410; and (3) conspiracy to commit aggravated trafficking, pursuant to R.C. 2925.03(A)(2) and R.C. 2923.01(A)(1)/(2), with a major drug offender specification, pursuant to R.C. 2941.1410. On December 22, 2005, the grand jury returned a supplemental indictment charging the following additional counts: (1) aggravated possession of drugs, pursuant to R.C. 2925.11(A); and (2) possession of marijuana, pursuant to R.C. 2925.11(A). Finally, on May 1, 2006, the grand jury returned a second supplemental indictment charging Phillips with complicity to commit aggravated trafficking in drugs in violation of R.C. 2923.01, pursuant to R.C. 2925.03(A)(2) and R.C. 2923.03(A)(2)/(3), with a major drug offender specification.
>
> Phillips initially pled not guilty to all of the foregoing charges, but changed his plea before trial. On December 13, 2006, Phillips came before the trial court with his trial counsel for a plea and sentencing hearing. Phillips signed a 'written plea of guilt' in which he pled to the following charges: (1) two counts of aggravated possession, pursuant to R.C. 2925.11(A); (2) possession of marijuana, pursuant to R.C. 2925.11(A); and (3) complicity to commit trafficking, pursuant to R.C. 2925.03(A)(2) and R.C. 2923.03(A)(2)/(3), with a major drug offender specification, pursuant to R.C. 2941.1410. The trial court dismissed the remaining charges against Phillips and sentenced him to a total of [fifteen][2] years in prison.

These factual findings "shall be presumed to be correct", and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360–61 (6th Cir. 1998).

## PROCEDURAL BACKGROUND

Following his guilty plea, Petitioner appealed his conviction and sentence *pro se*, raising two assignments of error:

---

[2] The court of appeals' original opinion stated Petitioner was sentenced to only eleven, and not fifteen, years imprisonment. The court later corrected the error in a subsequent order. (Doc. 8-1, at 157).

>   (1) The trial court erred when it found Appellant to be a major drug offender because the statutory elements were not satisfied.
>
>   (2) The court's imposition of the major drug offender sentence is void.

*Phillips*, 2008 Ohio 6795, at ¶ 3.  The court of appeals affirmed both Petitioner's conviction and sentence.

Petitioner then took a *pro se* appeal to the Ohio Supreme Court, setting forth two propositions of law:

>   (1) Appellant's constitutional rights were violated when he was found to be a major drug offender because the statutory elements were not satisfied.
>
>   (2) The Court's imposition of Appellant's major drug offender sentence is void because it is unauthorized by law and unconstitutional.

(Doc. 8-1, at 166, 169).  The Ohio Supreme Court denied leave to appeal and dismissed Petitioner's appeal as not involving any substantial constitutional question. (Doc. 8-1, at 178).

Prior to the Ohio Supreme Court's dismissal, Petitioner filed an application to reopen his direct appeal under Ohio Appellate Rule 26(B), this time with counsel.  (Doc. 8-1, at 179).  In his Application, Petitioner alleged his appellate counsel was ineffective for failing to raise several issues on appeal, including:

>   (1) The trial court had no authority to impose the major-drug-offender add-on sentence. *State v. Foster*, 109 Ohio St. 3d 1 (2006); *State v. Chandler*, 109 Ohio St. 3d 223 (2006).
>
>   (2) Trial counsel was ineffective for failing to properly raise Mr. Phillips' challenge to his major-drug-offender specification.
>
>   (3) The trial court committed plain error by convicting Mr. Phillips of a major-drug-offender specification.

The court of appeals denied Petitioner's Application.  (Doc. 8-1, at 211).  Petitioner, again with counsel,  appealed to the Ohio Supreme Court, presenting two propositions of law:

>    (1)    A trial court has no authority to impose a major drug offender add-on sentence. *State v. Foster*, 109 Ohio St. 3d 1 (2006); *State v. Chandler*, 109 Ohio St. 3d 223 (2006).
>
>    (2)    When an appellate attorney fails to raise meritorious issues in a criminal defendant's direct appeal of a conviction, the attorney renders constitutionally ineffective assistance, in contravention of the Sixth and Fourteenth Amendments to the United States Constitution, and Section 16, Article I of the Ohio Constitution.

(Doc. 8-1, at 218). The Ohio Supreme Court denied leave for appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. 8-1, at 231).

Petitioner thereafter filed his Petition seeking habeas relief. (Doc. 1). In it, he raised three grounds for relief:

>    **Ground One**: Violation of Due Process of Law.
>
>    **Supporting Facts**: The Petitioner was denied Due Process of Law when the trial court found the Petitioner to be a Major Drug Offender when the statute did not apply to the Petitioner's charges, therefore, the additional sentence received by the Offender violates Due Process of Law. The sentence was unauthorized by law and unlawful and thereby void. When a sentence is not authorized by law, covered by no statute, it is void. The Petitioner entered into a plea agreement, plead [sic] out, and thereby was entitled to receive a sentence that was authorized by law. The court applied O.R.C. Section 2925.01(X), when the Major Drug Offender statute under the charges the Petitioner was sentenced to, O.R.C. Section 2925.03(A)(2), does not meet the elements of that statute, nor was the definition included by the legislature for that section of the statute. Petitioner's sentence is void and the fact is not altered by the plea bargain/agreement.
>
>    **Ground Two: Ineffective Assistance of Appellate Counsel**.
>
>    **Supporting Facts**: The trial court had no authority to impose a Major Drug Offender add-on-sentence, and appellate counsel failed to raise the above mentioned claim as an assignment of error, a claim that held merit when the trial court had made findings of fact that increased the sentence of the Petitioner. A Major Drug Offender specification under O.R.C. Section 2941.1410 must charge the offender in the indictment as a Major Drug Offender. In this case the trial court had to find that the Petitioner fell under certain parameters outlined in O.R.C. Section 2929.01(X) before imposing an additional enhanced sentence. The State indicated that Mr. Phillips fell under O.R.C. Section 2929.1410 and sought the trial court to apply O.R.C. 2929.14(D)(3)(b) which would allow an additional sentence of up to ten years. The trial court applied an additional five year sentence under this statute when it was

found unconstitutional per *Blakely v. Washington*, 124 S. Ct. 2531, because the court made findings of fact that increased the sentence beyond the statutory maximum.

**Ground Three**: Appellate Counsel Was Ineffective to the Prejudice of the Petitioner.

**Supporting Facts**: Appellate counsel was ineffective to the prejudice of the Petitioner when he did not raise as assignment of error trial counsel's ineffective representation when trial counsel failed to object or to raise issue to the Major Drug Offender specification add-on-sentence of five years when the Petitioner was sentenced, thereby waiving the claim or forfeiting Petitioner's right of claim that the imposition of the add-on-sentence MDO (Major Drug Offender) violating the Petitioner's constitutional rights, causing Petitioner to be sentenced and convicted illegally for the MDO specification with an add-on-sentence of five years. Trial counsel's failure to raise this claim at the earliest opportunity may have prejudiced the Petitioner foreclosing review.

(Doc. 1, at 15–16).

After filing his habeas Petition, Petitioner filed a Motion to Withdraw Guilty Plea with the Summit County Common Pleas Court. The trial court denied Petitioner's Motion on *res judicata* grounds, and Petitioner appealed, raising four assignments of error:

(1) The trial court abused its discretion by denying [Phillips'] Motion to withdraw guilty plea due to his plea [sic] was not knowingly, intelligently, and voluntarily [sic] as the statutory charge is unconstitutional and in violation of the United States and Ohio constitutions.

(2) The trial court erred to the prejudice of [Phillips] by finding that a guilty plea either waive[d] or foreclosed the right of an accused to bring a facial constitutional attack on the statute underlying his conviction and/or the application of the doctrine of res judicata barred such review.

(3) the trial court erred to the prejudice of [Phillips] by failing to determine subsequently to the challenge of the constitutionality of the statutory charge, whether the subsequent charges and evidence which stemmed as a result of this initial underlying offense quality [sic] under the fruits of the poisonous tree doctrine.

(4) [Phillips'] guilty plea was unknowingly, involuntarily and unintelligently entered as a result of ineffective assistance of counsel in violation of the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and Article I, Section 1, 9, 10, and 16 of the Ohio constitution.

5

*State v. Phillips*, 2011 Ohio 1348, at ¶ 5 (Ohio Ct. App. 2011).  Although the trial court addressed the merits of Petitioner's Motion, the court of appeals stopped short of doing so.  Instead, it found the trial court was without jurisdiction to consider Petitioner's Motion to Withdraw pursuant to Ohio Criminal Rule 32.1 and *State ex rel. Special Prosecutors v. Judges of Belmont County Court of Common Pleas*, 55 Ohio St. 2d 94 (1978).  *Id.* at ¶ 6.  Petitioner moved for reconsideration but was denied. (Doc. 34-2, at 17).

Petitioner again appealed to the Ohio Supreme Court presenting two propositions of law:

(1) A trial court has jurisdiction to decide a plea withdrawal motion based on different arguments or evidence than were presented in an earlier appeal.  *State ex re. Special Prosecutors v. Judges of Belmont Cty. Court of Common Pleas* (1978), 55 Ohio St.2d 94.

(2) The Court of Appeals erred by failing to reverse the court of appeals on the merits because Mr. Phillips is legally not guilty of being a major drug offender, as the major drug offender specification attaches only to persons who pleaded guilty of the "the possession of, sale of, or offer to sell" drugs and Mr. Phillips's guilty plea only admitted that he did "[p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute."  The plea is also involuntary because it was the result of improperly obtained evidence that should have been suppressed.

(Doc. 34-2, at 2–3).

After filing his Motion to Withdraw Guilty Plea, but before his appeals from denial of that Motion, Petitioner filed for leave to amend his Petition with this Court (Doc. 15), which was granted.  The Court adopted the three grounds for relief set forth in Petitioner's Motion as his amendment.  (Doc. 22).  Those amendments raised the following grounds for relief:

(1) Defendant [sic] guilty plea was not knowingly, voluntarily, or intelligent [sic] and denied protections under the Fourth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, Section 1, 9, 10, and 16 of the Ohio Constitution when he was unconstitutionally convicted of an act under R.C. 2929.03(A)(2) which does not constitute an offense under the Ohio Revised Code.

(2) The subsequent charges and evidence which arose from the initial purported charge

6

        in Ground One were the result of an unconstitutional search and seizure conducted without probable cause and were fruits of the poisonous tree in violation of the Fourth And Fourteenth Amendments of the United States Constitution and Article I, Section 14 and 16 of the Ohio Constitution.

(3)      Defendant's guilty plea was unknowingly, involuntarily and unintelligently entered as a result of ineffective assistance of counsel in violation of the Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, and Article I, Sections 1, 9, 10, and 16 of the Ohio Constitution.

(Doc. 15, at 8–10).

## DISCUSSION

### Standard of Review

When the basis for a federal habeas claim has been previously adjudicated by the state courts, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). The appropriate measure of whether a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409–11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000).

To obtain "habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for

fairminded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011).

### Major Drug Offender Specification

Petitioner's primary argument is two-fold. First, he contends the trial court erred when it "found" Petitioner was a major drug offender because the statute to which he pled guilty cannot provide the basis for a major drug offender specification. (Doc. 1, at 14). Petitioner claims that as someone convicted of preparing to "ship, transport, deliver, prepare for distribution, or distribute a controlled substance", he cannot legally receive a major drug offender specification when Ohio law requires a "Major Drug Offender" to be one who possesses or sells a large quantity of the controlled substance. Second, Petitioner argues a jury, rather than the trial judge, should have found he was a major drug offender. Respondent does not dispute these arguments are both timely and were fully exhausted before the state courts. (Doc. 8, at 10).

Although not framed as such, Petitioner's first argument is really an assertion there was insufficient evidence to support the major drug offender specification; the second challenges the trial judge's authority to make a major drug offender finding. Both, however, face a common and insurmountable obstacle: Petitioner pled guilty to the major drug offender specification, relieving the trial judge of any need to make that finding. (Doc. 8-1, at 13–14).

The Supreme Court has long recognized "the general rule that a guilty plea, intelligently and voluntarily made, bars the later assertion of constitutional challenges to the pretrial proceedings." *Lefkowitz v. Newsome*, 420 U.S. 283, 288 (1975) (citing *Brady v. United States*, 397 U.S. 742 (1970); *McMann v. Richardson*, 397 U.S. 759 (1970); *Parker v. North Carolina*, 397 U.S. 790 (1970)). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to

8

the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . . ." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A defendant's guilty plea, therefore, "renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt." *Menna v. New York*, 423 U.S. 61, 62 (1975).

Petitioner's guilty plea conclusively established his guilt for those crimes to which he pled guilty, including the major drug offender specification. At the combined plea and sentencing hearing, the court advised Petitioner that by pleading guilty to Count 7 (complicity to commit aggravated trafficking with a major drug offender specification), the court had to impose a mandatory ten-year sentence. The court further advised Petitioner that because of the specification, it could impose up to ten additional years of imprisonment. (Doc. 8-2, at 7–8). Petitioner acknowledged this possibility (*id.* at 8), but decided to plead guilty anyway.

Admittedly, at the plea and sentencing hearing the trial judge stated she "found" Petitioner, by pleading guilty to the complicity to commit aggravated trafficking in drugs charge, was by definition a major drug offender. She did not have Petitioner specifically plead guilty to the major drug offender specification. (Doc. 8-2, at 15). That is really of no moment, however, given Petitioner's written guilty plea, in which he does specifically plead guilty to the specification, his acknowledgment to the trial court he intended to plead guilty to those charges in the written plea, as well as his acknowledgment of the consequences of pleading guilty. (Doc. 8-1, at 13–14; Doc. 8-2, at 7–8, 12–13). Furthermore, the sentence recommended to the trial court was an "agreed upon" sentence submitted by both the State and Petitioner. (Doc. 8-1, at 13–14).

Petitioner also contends the trial court did not have the authority to impose the major drug

9

offender specification upon him, relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *State v. Foster*, 109 Ohio St. 3d 1 (2006).  In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490.  In *Blakely* the Court defined the term "statutory maximum":

> [T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.* In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts 'which the law makes essential to the punishment,' and the judge exceeds his proper authority.

542 U.S. at 304 (citations omitted) (emphasis in original).

In *Foster*, the Ohio Supreme Court followed *Apprendi* and *Blakely* and found some portions of Ohio's felony-sentencing regime violated the Sixth Amendment.  The court severed the judicial fact-finding portion of the major drug offender specification statute and held "[a]fter severance, judicial fact-finding is not required before imposition of additional penalties for . . . major-drug-offender specifications." *Id.* at ¶ 6 of the syllabus (citing *United States v. Booker*, 543 U.S. 220 (2005)).  *Foster* gave trial courts "full discretion to impose a prison sentence within the statutory range" without having to make findings or give reasons for imposing maximum, consecutive, or more than minimum sentences. *See Foster*, 109 Ohio St. 3d at 24–31.  Together these cases give trial courts discretion when sentencing criminal defendants, but prohibit judges from making factual findings that increase a defendant's sentence beyond what a jury's verdict or a defendant's guilty plea alone could justify.

But these cases do Petitioner no good. Petitioner's argument is based on the same faulty premise as before: that the trial court used judicial fact-finding to determine Petitioner was a major drug offender. Not true. On the contrary, the record makes clear Petitioner pled guilty to the major drug offender specification, obviating the need for any further fact-finding, judicial or otherwise. That fact simply makes *Apprendi*, *Blakely*, and *Foster* inapplicable to this case. *See Todd v. Wolfe*, 2007 U.S. Dist. LEXIS 99500, *18–24 (S.D. Ohio 2007), *R&R adopted by Todd v. Wolfe*, 2007 U.S. Dist. LEXIS 22679 (S.D. Ohio 2007).

By pleading guilty to Count 7 with the major drug offender specification, Petitioner was facing the possibility of 20 years in prison; he received 15. (Doc. 8-2, at 8, 23). The trial court did not, therefore, impose a sentence beyond the "statutory maximum", nor did it engage in impermissible judicial fact-finding. It did just what *Apprendi*, *Blakely*, and *Foster* permit it to do. The trial court's decision was not contrary to, nor an unreasonable application of, clearly established federal law.

**Voluntariness of Plea**

For purposes of his habeas Petition, the only way Petitioner can attack his guilty plea is by asserting it was neither voluntarily nor intelligently made. *Tollett*, 411 U.S. at 267. Petitioner attempted to do just that in his Amended Petition (Doc. 15, at 8–9), although he did not raise the argument in his initial Petition. Indeed, at the time Petitioner filed his original Petition he had not even made the argument to the state courts. Normally that would be cause to dismiss a Petitioner's claim for failure to exhaust it in the state courts. *Anderson v. Harless*, 489 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270 (1971). However, Petitioner has since presented his voluntariness of plea argument to the state courts by way of a Motion to Withdraw Guilty Plea, as well as by appealing

11

the denial of that Motion all the way to the Ohio Supreme Court. (Docs. 31, 32, & 34). Petitioner has now exhausted the claims raised in his Amended Petition because he gave the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Picard*, 404 U.S. at 275 ("[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied.").

But Petitioner is not off the hook just yet. He must also show he has not procedurally defaulted his claims. The procedural default doctrine bars federal review of the merits of a habeas ground for relief in two circumstances: (1) procedural default bars habeas review of an exhausted claim if the state courts below applied a state procedural rule and declined to address the merits of that ground. *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). "In other words, when the last explained state court decision rests upon procedural default, a federal district court is not required to reach the merits of a habeas petition's claims." *Cvijetinovic v. Eberlin*, 617 F. Supp. 2d 620, 629 (N.D. Ohio 2008), *rev'd on other grounds* (citing *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991)); and (2) "procedural default bars habeas review of an unexhausted claim when, hypothetically, a state procedural rule would now bar the unexhausted claim." *Cvijetinovic*, 617 F. Supp. 2d at 629. In either circumstance, claims are generally not reviewable in habeas proceedings. *Id.*

Exceptions exist to every rule, however, and here there are two: a court can revive a procedurally defaulted claim if a petitioner demonstrates either (1) adequate cause for the default, and that actual prejudice resulted from the alleged federal law violation; or (2) that failure to consider the claim will result in a fundamental miscarriage of justice. *See Coleman v. Thompson*,

12

501 U.S. 722, 751(1991). As to the first: "cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). To establish "cause," Petitioner must "[d]emonstrat[e] that an 'objective factor external to the defense impeded [Petitioner's] efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). "Prejudice" is established if Petitioner shows he was *actually* prejudiced as a result of the claimed constitutional error. *See United States v. Frady*, 456 U.S. 152, 170 (1982). Petitioner must meet both prongs to succeed. *See Smith v. Murray*, 477 U.S. 527 (1986).

In determining whether a ground has been procedurally defaulted, this Court must determine whether the state courts below addressed the ground's merits while presuming there are no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *See Coleman*, 501 U.S. at 735. Considering this presumption, as well as the "cause and prejudice" exception, the Sixth Circuit established a four-step analysis in *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986), to determine whether a ground has been procedurally defaulted. The *Maupin* test requires federal courts to determine:

(1) whether the petitioner failed to comply with an applicable state procedural rule;

(2) whether the state courts actually enforced the state procedural sanction;

(3) whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and

(4) if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.

Here, application of the *Maupin* test demonstrates that Petitioner's voluntariness of plea argument is procedurally defaulted.  The last court to address Petitioner's argument was the Ohio Court of Appeals, which decided the case on jurisdictional grounds:

> In his assignments of error, Phillips contends that the trial court should have allowed him to withdraw his guilty pleas because they were not knowingly, intelligently and voluntarily made; the trial court erred in finding that his guilty plea and res judicata foreclosed a facial constitutional attack on the statute underlying his conviction; the trial court failed to determine the constitutionality of the statutory charge and whether the charges stemming from the original search were "fruit of the poisonous tree;" and, the guilty pleas were not knowingly, intelligently and voluntarily made due to ineffective assistance of counsel. We do not reach the merits of any of Phillips' contentions because we conclude that the trial court was without jurisdiction in the first instance to consider his motion to withdraw his guilty pleas pursuant to Crim.R. 32.1. Accordingly, we vacate the trial court's judgment.

*State v. Phillips*, 2011 Ohio 1348, ¶ 6 (Ohio Ct. App. Mar. 23, 2011).  Petitioner failed to move to withdraw his guilty plea prior to his sentencing, as he was obligated to do under Ohio Criminal Rule 32.1.  Instead, he waited until after his direct appeal was affirmed to move to withdraw his guilty plea, at a point when the trial court no longer had jurisdiction.  *See id.*  Because the trial court had ruled on the merits of Petitioner's Motion (denying it on res judicata grounds), the court of appeals vacated the trial court's decision.[3]

---

[3] Petitioner contends the recent Ohio Supreme Court case *State v. Davis*, 2011 Ohio 5028 (Ohio 2011), demonstrates the court of appeals' determination was clearly wrong. (Doc. 37). Even assuming Petitioner is correct – and it is far from clear that is the case, considering *Davis* was a capital case  involving newly discovered evidence – that does not change the outcome here.  At the time of the court of appeals decision (March 23, 2011), *Davis* had not yet been decided (October 4, 2011), so the court of appeals could not have relied upon it.  Furthermore, Petitioner's argument is premised on the court of appeals' misinterpretation of *state*, rather than federal law, and "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (citation omitted).  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.*

Other courts within this district have found a defendant's failure to timely file a motion to withdraw a guilty plea is an adequate and independent state ground for barring review of claims subsumed in those motions and presented on habeas review. *See, e.g.*, *Sawyer v. Hudson*, 2009 U.S. Dist LEXIS 124315, at * 23 (N.D. Ohio 2009); *Steimle v. Jackson*, 2005 U.S. Dist. LEXIS 32069, at *5–7 (N.D. Ohio 2005). Thus, under the *Maupin* test, Petitioner failed to comply with a state procedural rule (motion timeliness), that is actually enforced (here, by the court of appeals), which is an adequate and independent state ground. *See id.* That leaves only cause and prejudice for the failure.

As for cause and prejudice, Petitioner provides no explanation whatsoever. And although ineffective assistance of counsel can constitute cause for procedural default, *Howard v. Bourchard*, 405 F.3d 459, 478 (6th Cir. 2005), that claim itself must be properly presented to the state courts as an independent claim, *Murray*, 477 U.S. at 489.  Here, Petitioner raised ineffective assistance of counsel before the state courts, but not in a way that helps him demonstrate cause under the *Maupin* test.

In his application to reopen his direct appeal, Petitioner asserted "Trial counsel was ineffective for failing to properly raise Mr. Phillips' challenge to his major drug offender specification." (Doc. 8-1, at 183).  Petitioner appealed to the Ohio Supreme Court, asserting appellate counsel was ineffective for failing to dispute the application of the major drug offender specification. (Doc. 8-1, at 218).  But that is not enough.  Neither of these appeals asserted – and thus did not "fairly present" – ineffective assistance of counsel for failing to raise the voluntariness of Petitioner's guilty plea. *See Sawyer*, 2009 U.S. Dist LEXIS 124315, at * 26–27.  Having failed to raise this issue as an independent claim before the state courts, Petitioner has failed to

15

demonstrate cause for his procedural default and his voluntariness argument should be dismissed on that ground.

### Fourth Amendment Claim

In his Amended Petition, Petitioner also claims the charges against him resulted from an unconstitutional search and seizure in violation of the Fourth Amendment. (Doc. 15, at 9–10). This claim should be dismissed for a variety of reasons. First, Petitioner procedurally defaulted this claim for the same reasons he procedurally defaulted his voluntariness of plea argument: that is, by not raising the issue until filing his Motion to Withdraw Guilty Plea and not demonstrating cause for the failure. (*See* Doc. 31-1).

Second, the Supreme Court has held that federal habeas corpus relief is not available to redress violations of the Fourth Amendment exclusionary rule if the petitioner was afforded a "full and fair opportunity to litigate" the Fourth Amendment issue in the state courts. *Stone v. Powell*, 428 U.S. 465, 494 (1976). The Sixth Circuit has held this requires courts to determine "whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim", and "whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982). The court in *Riley* held that Ohio's mechanism for raising Fourth Amendment claims (the mechanism at issue here) is, "in the abstract, clearly adequate." *Id.* And as to the second inquiry, the record is devoid of any suggestion (or argument for that matter) Petitioner's opportunity to raise his Fourth Amendment claim was frustrated.

Finally, by pleading guilty, Petitioner gave up any right to "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett*,

16

411 U.S. at 267; *Menna*, 423 U.S. at 62 (stating a defendant's guilty plea "renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt"); *United States v. McCormick*, 2011 U.S. Dist. LEXIS 115069, at *4–6 (N.D. Ohio 2011) (denying Fourth Amendment claims raised in a § 2255 Motion because claims were based on events taking place prior to Defendant's guilty plea). For any of these reasons, Petitioner's Fourth Amendment claim should be dismissed.

### Ineffective Assistance of Counsel

Petitioner also argues both his trial and appellate counsel were ineffective for failing to assert that the imposition of the major drug offender specification violated his Sixth Amendment right to a jury trial. Respondent does not dispute these claims were fully exhausted before the state courts and timely. (Doc. 8, at 10). To prevail on an ineffective assistance of counsel claim, a petitioner must satisfy both prongs of the *Strickland* test: performance and prejudice. *Harries v. Bell*, 417 F.3d 631, 636 (6th Cir. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 686–692 (1984)).

To meet the performance prong, counsel's representation must fall below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688. To meet the prejudice prong, there must be a reasonable probability that, absent counsel's unprofessional errors, the results of the proceeding would have been different. *Id.* at 694. When considering the prejudice element, the focus is on whether counsel's errors undermined the reliability of, and confidence in the result. *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (citing *Lockhart v. Fretwell*, 506 U.S. 364, 370 (1993)). This is a high burden:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel

> was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Strickland*, 466 U.S. at 689.

Let's start with trial counsel. Petitioner argues trial counsel should have argued for the inapplicability of the major drug offender specification during the plea and sentencing hearing. (Doc. 1, at 16). Petitioner, however, fails to show how failing to do so rendered counsel's performance objectively unreasonable. Indeed, it would have made little sense for trial counsel to object to the major drug offender specification, which Petitioner had pled guilty to only moments before, or the sentence imposed, which was agreed upon by both parties. (Doc. 8-2, at 13–14). Add to that the fact that Petitioner's guilty plea makes *Apprendi*, *Blakely*, and *Foster* inapplicable to Petitioner's case, and it becomes clear the argument Petitioner now wishes trial counsel would have made during sentencing had no chance of success, which prevents Petitioner from meeting the second *Strickland* prong of prejudice. *See McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004) (noting under the second *Strickland* prong, a petitioner must show that but for counsel's performance, the result of the proceeding would have been different).

Furthermore, any claim of ineffective assistance stemming from pre-plea representation is waived due to Petitioner's guilty plea. *Tollett*, 411 U.S. at 267 ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); *see also McCormick*, 2011 U.S. Dist. LEXIS

18

115069, at *6–7 (denying ineffective assistance of counsel claim arising prior to Defendant's guilty plea because Defendant pled guilty).

And now for appellate counsel. "To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise." *Henness v. Bagley*, 644 F.3d 308, 317 (6th Cir. 2011) (citing *Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008)). Because Petitioner's arguments for ineffective assistance of appellate counsel are the same as he makes for trial counsel, so must be the results. If trial counsel was not ineffective for failing to raise Petitioner's major drug offender argument, appellate counsel cannot be ineffective for failing to raise the very same argument on appeal. In neither instance would inclusion of the argument have changed the results of the proceeding. *See id.* at 707 (noting counsel's failure to raise an issue amounts to ineffective assistance only if the result of the proceeding would have been different).

## CONCLUSION AND RECOMMENDATION

The state court decisions here were not contrary to clearly established federal law, nor were they unreasonable applications of it. For the foregoing reasons, the undersigned recommends the Petition (Doc. 1) and Amended Petition (Doc. 15) be dismissed.

                                                           s/James R. Knepp II
                                                United States Magistrate Judge