UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD PHILLIPS, | ) | CASE NO. 5:09 CV 1848 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MARK HOUK, WARDEN, | ) | |
| Mansfield Correctional Institution, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** |

## I. INTRODUCTION

Before the Court is the Report and Recommendation of Magistrate Judge James R. Knepp II (ECF No. 39), recommending that Petitioner Ronald Phillips' petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1) be dismissed because the State court decisions, from which petitioner seeks relief, were neither contrary to, nor an unreasonable application of clearly established law. *See* 28 U.S.C. § 2244(d). For the reasons discussed below, the Court adopts the Report and Recommendation.

## II. DISCUSSION

Petitioner Phillips has objected to the Magistrate Judge's recommendation. ECF No. 41. Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the record and the magistrate judge's Report and Recommendation. Based upon that review, the Court finds that the Report and Recommendation provides a thorough recitation of the case and legally sound analysis of the issues, and that Petitioner Phillips' objections lack merit.

(5:09 CV 01848)

Petitioner Phillips finds fault with the Magistrate Judge's characterization of Petitioner's arguments, the Court, however, finds the Magistrate Judge's statements–which only re-framed Petitioner's arguments–to be immaterial to the legal analysis. Additionally, the Court finds that the majority of Phillips' objections are a regurgitation of the arguments that were already addressed by the Magistrate Judge. Therefore, the Court will adopt the Report and Recommendation without repeating the background information and analysis contained therein. The Report and Recommendation is attached as Appendix A.

The Court does, however, expound upon one issue raised by Petitioner Phillips involving the Magistrate Judge's finding that Phillips procedurally defaulted on claims attacking the voluntariness of his plea.

In the Report and Recommendation, the Magistrate Judge concluded that Petitioner's claims alleging the involuntary nature of his plea agreement[1] were fully exhausted as Petitioner had given the State courts a full opportunity to resolve any constitutional issues by "invoking one complete round of the State's established appellate review process." ECF No. 39 at 12. The Magistrate Judge, ultimately, found the claims procedurally defaulted, however, after conducting the four-step analysis described in *Maupin v. Smith*, 785 F.2d135 (6th Cir. 1986). The *Maupin* test requires federal courts to determine:

> (1) whether the petitioner failed to comply with an applicable state procedural rule; (2) whether the state courts actually enforced the state procedural sanction; (3) whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and (4) if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

---

[1] Presented in Phillips' amended petition.

-2-

(5:09 CV 01848)

*Id.* at 138.

In applying the *Maupin* test to the facts of this case, the Magistrate Judge first noted that the last Court to address Petitioner's voluntariness of plea arguments was the Ohio Court of Appeals which held the following:

> In his assignments of error, Phillips contends that the trial court should have allowed him to withdraw his guilty pleas because they were not knowingly, intelligently and voluntarily made; the trial court erred in finding that his guilty plea and res judicata foreclosed a facial constitutional attack on the statute underlying his conviction; the trial court failed to determine the constitutionality of the statutory charge and whether the charges stemming from the original search were "fruit of the poisonous tree;" and, the guilty pleas were not knowingly, intelligently and voluntarily made due to ineffective assistance of counsel. We do not reach the merits of any of Phillips' contentions because we conclude that the trial court was without jurisdiction in the first instance to consider his motion to withdraw his guilty plea pursuant to Crim.R. 32.1. Accordingly, we vacate the trial court's judgment.

*State v. Phillips*, 2011 Ohio 1348, ¶ 6 (Ohio Ct. App. Mar. 23, 2011). Based upon the reasoning of that State court, the Magistrate Judge then identified what he believed to be the procedural rule that Petitioner had failed to comply with–the requirement to file the motion to withdraw a guilty plea prior to sentencing, "as []obligated [] under Ohio Criminal Rule 32.1." ECF No. 39 at 14. The Magistrate Judge further stated "[t]hus, under the *Maupin* test, Petitioner failed to comply with a state procedural rule (motion timeliness), that is actually enforced (here, by the Court of appeals), which is an adequate and independent state ground." ECF No. 39 at 15.

In his objections, Petitioner Phillips finds fault with the Magistrate Judge's conclusion that his claims were procedurally defaulted. He specifically attacks the *Maupin* analysis employed by the Magistrate Judge. He contends that there is no support for the position

(5:09 CV 01848)

espoused in the Report and Recommendation that Petitioner failed to timely comply with the procedural rule identified by the Magistrate Judge. In support of this assertion, Petition argues that Ohio Criminal Rule 32.1 "does not only allow for 'pre-sentence motions,' but it also allows for motions to be filed 'post trial' or after sentence is imposed." ECF No. 41 at 5. Indeed, although Crim. R. 32.1 requires the filing of such a motion prior to sentencing, it does permit a later filing "to correct manifest injustice." Additionally, Petitioner reminds the Court that the express reason given by the appellate State court in declining to undertake a merits based review of Petitioner's motion was that the lower court lacked jurisdiction to review the motion and not that the petitioner failed to timely file his motion.

The Court agrees that the Magistrate Judge's *Maupin* analysis may be problematic in light of the points raised by Petitioner Phillips. It cannot be determined with absolute certainty that Petitioner's alleged failure to timely file his motion to withdraw his guilty plea was the procedural bar to the State appellate court's merits based review of that motion. Since the State appellate court rested its decision on the fact that the trial court lacked jurisdiction to hear petitioner's motion and, therefore, vacated the trial court's decision, Petitioner's motion to withdraw his guilty plea was theoretically nullified–it was as if Petitioner never filed his motion after all.[2]

Even, however, under this alternative view of the procedural posture of Petitioner's motion, Petitioner would still not be able to obtain the relief that he seeks. Why? Because the

---

[2] The Court reaches this conclusion based upon the legal principal that without jurisdiction anything that the Court does is a legal nullity.

(5:09 CV 01848)

claim would still be procedurally defaulted. It is irrefutable that Petitioner failed to file a timely appeal; and, he is procedurally barred, by the limitations period, from doing so now. Thus, Petitioner Phillips' objection to the Magistrate Judge's finding that his claims are procedurally defaulted are overruled.

### III. CONCLUSION

For the reasons set forth herein, the Court adopts the Report and Recommendation ([ECF No. 39](#)) and overrules Petitioner Phillips' objections.

Accordingly, both the Petition ([ECF No. 1](#))and the Amended Petition ([ECF No. 15](#)) are dismissed.

    IT IS SO ORDERED.


June 13, 2012                               /s/ Benita Y. Pearson
Date                                        United States District Court Judge