UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RONALD PHILLIPS**,                          Case Number 5:09 CV 1848

     Petitioner,                          Judge Benita Y. Pearson

     v.                          REPORT AND RECOMMENDATION

**MARK HOUK, Warden**,

     Defendant.                          Magistrate Judge James R. Knepp II


### INTRODUCTION

Petitioner Ronald Phillips, a prisoner in state custody, pled guilty to drug charges, including a major drug offender specification.  After his state appeals proved unsuccessful, he filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent Mark Houk,[1] Warden of the Mansfield Correctional Institution, filed a Return of Writ (Doc. 8), and Petitioner filed a Traverse (Doc. 30). This matter was referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated January 18, 2011). The undersigned issued a Report and Recommendation recommending the Petition be dismissed on January 4, 2012, which the Court adopted on June 13, 2012. (Doc. 42). Petitioner appealed and the United States Court of Appeals for the Sixth Circuit granted a certificate of appealability on whether the Court erred in denying his voluntariness-of-plea claims. (Doc. 44).

On November 6, 2014, the Sixth Circuit held Petitioner's voluntariness-of-plea claims had not been procedurally defaulted and remanded the case to this Court for further proceedings.

---

1. Former Warden Keith Smith was originally named as Respondent, but Houk was substituted for Smith during the course of this case.

*Phillips v. Houk*, 587 F. App'x 868 (6th Cir. 2014). This case was referred to the undersigned for

a Report and Recommendation not inconsistent with the Sixth Circuit opinion. (Non-Document

entry dated November 7, 2014). For the reasons discussed below, the undersigned recommends

the Petition be denied.

### FACTUAL BACKGROUND

Ohio's Ninth District Court of Appeals set forth the following factual background in

*State v. Phillips*, 2008-Ohio-6795:

> Akron Police arrested Phillips on November 22, 2005 after conducting a
> controlled delivery involving approximately 342 grams of methamphetamine. On
> December 5, 2005, the grand jury indicted Phillips on the following counts: (1)
> aggravated possession of drugs, pursuant to R.C. 2925.11(A); (2) aggravated
> trafficking in drugs, pursuant to R.C. 2925.03(A)(2), with a major drug offender
> specification, pursuant to R.C. 2941.1410; and (3) conspiracy to commit
> aggravated trafficking, pursuant to R.C. 2925.03(A)(2) and R.C.
> 2923.01(A)(1)/(2), with a major drug offender specification, pursuant to R.C.
> 2941.1410. On December 22, 2005, the grand jury returned a supplemental
> indictment charging the following additional counts: (1) aggravated possession of
> drugs, pursuant to R.C. 2925.11(A); and (2) possession of marijuana, pursuant to
> R.C. 2925.11(A). Finally, on May 1, 2006, the grand jury returned a second
> supplemental indictment charging Phillips with complicity to commit aggravated
> trafficking in drugs in violation of R.C. 2923.01, pursuant to R.C. 2925.03(A)(2)
> and R.C. 2923.03(A)(2)/(3), with a major drug offender specification.
>
> Phillips initially pled not guilty to all of the foregoing charges, but changed his
> plea before trial. On December 13, 2006, Phillips came before the trial court with
> his trial counsel for a plea and sentencing hearing. Phillips signed a 'written plea
> of guilt' in which he pled to the following charges: (1) two counts of aggravated
> possession, pursuant to R.C. 2925.11(A); (2) possession of marijuana, pursuant to
> R.C. 2925.11(A); and (3) complicity to commit trafficking, pursuant to R.C.
> 2925.03(A)(2) and R.C. 2923.03(A)(2)/(3), with a major drug offender
> specification, pursuant to R.C. 2941.1410.   The trial court dismissed the
> remaining charges against Phillips and sentenced him to a total of [fifteen][2] years
> in prison.

---

2. The court of appeals' original opinion stated Petitioner was sentenced to only eleven, and not
fifteen, years imprisonment. The court later corrected the error in a subsequent order. (Doc. 8-1,
at 157).

These factual findings "shall be presumed to be correct", and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360–61 (6th Cir. 1998).

### PROCEDURAL BACKGROUND

Following his guilty plea, Petitioner appealed his conviction and sentence through counsel, raising two assignments of error:

(1)    The trial court erred when it found Appellant to be a major drug offender because the statutory elements were not satisfied.

(2)    The court's imposition of the major drug offender sentence is void.

*Phillips*, 2008 Ohio 6795, at ¶ 3.  The court of appeals affirmed both Petitioner's conviction and sentence.

Petitioner then took a *pro se* appeal to the Ohio Supreme Court, setting forth two propositions of law:

(1)    Appellant's constitutional rights were violated when he was found to be a major drug offender because the statutory elements were not satisfied.

(2)    The Court's imposition of Appellant's major drug offender sentence is void because it is unauthorized by law and unconstitutional.

(Doc. 8-1, at 166, 169).  The Ohio Supreme Court denied leave to appeal and dismissed Petitioner's appeal as not involving any substantial constitutional question. (Doc. 8-1, at 178).

Prior to the Ohio Supreme Court's dismissal, Petitioner filed an application to reopen his direct appeal under Ohio Appellate Rule 26(B), this time with counsel.  (Doc. 8-1, at 179).  In his Application, Petitioner alleged his appellate counsel was ineffective for failing to raise several issues on appeal, including:

(1)    The trial court had no authority to impose the major-drug-offender add-on sentence.  *State v. Foster*, 109 Ohio St. 3d 1 (2006); *State v. Chandler*, 109 Ohio St. 3d 223 (2006).

3

(2)    Trial counsel was ineffective for failing to properly raise Mr. Phillips' challenge to his major-drug-offender specification.

(3)    The trial court committed plain error by convicting Mr. Phillips of a major-drug-offender specification.

The court of appeals denied Petitioner's Application.  (Doc. 8-1, at 211).  Petitioner, again with counsel, appealed to the Ohio Supreme Court, presenting two propositions of law:

(1)    A trial court has no authority to impose a major drug offender add-on sentence. *State v. Foster*, 109 Ohio St. 3d 1 (2006); *State v. Chandler*, 109 Ohio St. 3d 223 (2006).

(2)    When an appellate attorney fails to raise meritorious issues in a criminal defendant's direct appeal of a conviction, the attorney renders constitutionally ineffective assistance, in contravention of the Sixth and Fourteenth Amendments to the United States Constitution, and Section 16, Article I of the Ohio Constitution.

(Doc. 8-1, at 218).  The Ohio Supreme Court denied leave for appeal and dismissed the appeal as not involving any substantial constitutional question.  (Doc. 8-1, at 231).

Petitioner thereafter filed his Petition seeking habeas relief. (Doc. 1).  In it, he raised three grounds for relief:

**Ground One: Violation of Due Process of Law.**

**Supporting Facts**: The Petitioner was denied Due Process of Law when the trial court found the Petitioner to be a Major Drug Offender when the statute did not apply to the Petitioner's charges, therefore, the additional sentence received by the Offender violates Due Process of Law. The sentence was unauthorized by law and unlawful and thereby void. When a sentence is not authorized by law, covered by no statute, it is void. The Petitioner entered into a plea agreement, plead [sic] out, and thereby was entitled to receive a sentence that was authorized by law. The court applied O.R.C. Section 2925.01(X), when the Major Drug Offender statute under the charges the Petitioner was sentenced to, O.R.C. Section 2925.03(A)(2), does not meet the elements of that statute, nor was the definition included by the legislature for that section of the statute. Petitioner's sentence is void and the fact is not altered by the plea bargain/agreement.

4

**Ground Two: Ineffective Assistance of Appellate Counsel**.

**Supporting Facts**: The trial court had no authority to impose a Major Drug Offender add-on-sentence, and appellate counsel failed to raise the above mentioned claim as an assignment of error, a claim that held merit when the trial court had made findings of fact that increased the sentence of the Petitioner. A Major Drug Offender specification under O.R.C. Section 2941.1410 must charge the offender in the indictment as a Major Drug Offender. In this case the trial court had to find that the Petitioner fell under certain parameters outlined in O.R.C. Section 2929.01(X) before imposing an additional enhanced sentence. The State indicated that Mr. Phillips fell under O.R.C. Section 2929.1410 and sought the trial court to apply O.R.C. 2929.14(D)(3)(b) which would allow an additional sentence of up to ten years. The trial court applied an additional five year sentence under this statute when it was found unconstitutional per *Blakely v. Washington*, 124 S. Ct. 2531, because the court made findings of fact that increased the sentence beyond the statutory maximum.

**Ground Three: Appellate Counsel Was Ineffective to the Prejudice of the Petitioner.**

**Supporting Facts**: Appellate counsel was ineffective to the prejudice of the Petitioner when he did not raise as assignment of error trial counsel's ineffective representation when trial counsel failed to object or to raise issue to the Major Drug Offender specification add-on-sentence of five years when the Petitioner was sentenced, thereby waiving the claim or forfeiting Petitioner's right of claim that the imposition of the add-on-sentence MDO (Major Drug Offender) violating the Petitioner's constitutional rights, causing Petitioner to be sentenced and convicted illegally for the MDO specification with an add-on-sentence of five years. Trial counsel's failure to raise this claim at the earliest opportunity may have prejudiced the Petitioner foreclosing review.

(Doc. 1, at 15–16).

 After filing his habeas Petition, Petitioner filed a Motion to Withdraw Guilty Plea with the Summit County Common Pleas Court.  The trial court denied Petitioner's Motion on *res judicata* grounds, and Petitioner appealed, raising four assignments of error:

(1)     The trial court abused its discretion by denying [Phillips'] Motion to withdraw guilty plea due to his plea [sic] was not knowingly, intelligently, and voluntarily [sic] as the statutory charge is unconstitutional and in violation of the United States and Ohio constitutions.

(2)     The trial court erred to the prejudice of [Phillips] by finding that a guilty plea either waive[d] or foreclosed the right of an accused to bring a facial

constitutional attack on the statute underlying his conviction and/or the application of the doctrine of res judicata barred such review.

(3)     the trial court erred to the prejudice of [Phillips] by failing to determine subsequently to the challenge of the constitutionality of the statutory charge, whether the subsequent charges and evidence which stemmed as a result of this initial underlying offense quality [sic] under the fruits of the poisonous tree doctrine.

(4)     [Phillips'] guilty plea was unknowingly, involuntarily and unintelligently entered as a result of ineffective assistance of counsel in violation of the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and Article I, Section 1, 9, 10, and 16 of the Ohio constitution.

*State v. Phillips*, 2011 Ohio 1348, at ¶ 5.  Although the trial court addressed the merits of Petitioner's Motion, the court of appeals stopped short of doing so.  Instead, it found the trial court was without jurisdiction to consider Petitioner's Motion to Withdraw pursuant to Ohio Criminal Rule 32.1 and *State ex rel. Special Prosecutors v. Judges of Belmont County Court of Common Pleas*, 55 Ohio St. 2d 94 (1978).  *Id.* at ¶ 6.  Petitioner moved for reconsideration but was denied. (Doc. 34-2, at 17).

Petitioner again appealed to the Ohio Supreme Court presenting two propositions of law:

(1)     A trial court has jurisdiction to decide a plea withdrawal motion based on different arguments or evidence than were presented in an earlier appeal. *State ex re. Special Prosecutors v. Judges of Belmont Cty. Court of Common Pleas* (1978), 55 Ohio St.2d 94.

(2)     The Court of Appeals erred by failing to reverse the court of appeals on the merits because Mr. Phillips is legally not guilty of being a major drug offender, as the major drug offender specification attaches only to persons who pleaded guilty of the "the possession of, sale of, or offer to sell" drugs and Mr. Phillips's guilty plea only admitted that he did "[p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute." The plea is also involuntary because it was the result of improperly obtained evidence that should have been suppressed.

(Doc. 34-2, at 2–3).

After filing his Motion to Withdraw Guilty Plea, but before his appeals from denial of that Motion, Petitioner filed for leave to amend his Petition with this Court (Doc. 15), which was granted.  The Court adopted the three grounds for relief set forth in Petitioner's Motion as his amendment.  (Doc. 22).  Those amendments raised the following grounds for relief:

(1)    Defendant [sic] guilty plea was not knowingly, voluntarily, or intelligent [sic] and denied protections under the Fourth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, Section 1, 9, 10, and 16 of the Ohio Constitution when he was unconstitutionally convicted of an act under R.C. 2929.03(A)(2) which does not constitute an offense under the Ohio Revised Code.

(2)    The subsequent charges and evidence which arose from the initial purported charge in Ground One were the result of an unconstitutional search and seizure conducted without probable cause and were fruits of the poisonous tree in violation of the Fourth And Fourteenth Amendments of the United States Constitution and Article I, Section 14 and 16 of the Ohio Constitution.

(3)    Defendant's guilty plea was unknowingly, involuntarily and unintelligently entered as a result of ineffective assistance of counsel in violation of the Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, and Article I, Sections 1, 9, 10, and 16 of the Ohio Constitution.

(Doc. 15, at 8–10).

In the prior Report and Recommendation the undersigned found Petitioner's claims that his plea was not knowing, voluntary, and intelligent had been procedurally defaulted. (Doc. 39, at 11-16). The undersigned also found Petitioner pled guilty to the major drug offender specification and his sentence was within the statutory range for his plea, therefore, Petitioner's sentence was not contrary to clearly established law. (Doc. 39, at 9-11). Further, the undersigned found Petitioner had procedurally defaulted on his unlawful search and seizure claim and that Petitioner waived his right to contest the search and seizure by pleading guilty. (Doc. 39, at 16-17). Additionally, the undersigned found Petitioner procedurally defaulted on the claim that the

court should not have applied the major drug offender specification and that Petitioner waived any right to claim otherwise by pleading guilty. (Doc. 39, at 16-17). Lastly, the undersigned found that Petitioner had failed to show how his trial or appellate counsel's performance had been objectively unreasonable. (Doc. 39, at 17-19).  The Sixth Circuit remanded only on the ground that Petitioner's voluntariness-of-plea claims had not been procedurally defaulted by the court of appeals finding it was without jurisdiction under Criminal Rule 32.1 and *Special Prosecutors*. Therefore, only this claim shall be addressed herein.

### STANDARD OF REVIEW

Federal constitutional claims previously adjudicated by the state courts are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2254(d). AEDPA provides that a federal court may not grant a writ of habeas to a petitioner in state custody with respect to any claim adjudicated on the merits in state court unless (1) the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or (2) the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceedings." *Taylor v. Withrow*, 288 F.3d 846, 850 (6th Cir. 2002) (quoting 28 U.S.C. §2254(d)).

A state court decision is considered "contrary to . . . clearly established federal law" if the two are "diametrically different, opposite in character or nature, or mutually opposed." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). To be deemed an "unreasonable application" of clearly established federal law, a state-court decision on the merits must be "objectively unreasonable", not simply erroneous or incorrect. *Id*; *Keith v. Mitchell*, 455 F.3d 662, 669 (6th Cir. 2006). Meaning, a "state prisoner must show that the state court's ruling on the claim being presented in

federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011).

DISCUSSION

Petitioner asserts his guilty plea was not knowingly, intelligently, or voluntary made. This claim is addressed on its merits.

A plea must be entered into knowingly and voluntarily in light of the alternative courses of action open to the defendant. *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). In viewing the voluntariness of a guilty plea, the Court must look to the totality of the circumstances surrounding the plea. *See Caudill v. Jago,* 747 F.2d 1046, 1050 (6th Cir. 1984); *Brown v. Perini,* 718 F.2d 784, 786 (6th Cir. 1983). For a plea to have been intelligent and knowing, the trial court must ensure that the defendant is aware of the direct consequences of the plea, including the maximum sentence that can be imposed. *King v. Dutton*, 17 F.3d 151, 153-54 (6th Cir. 1994).

Here, the evidence before the Court shows Petitioner's guilty plea was entered knowingly and voluntarily. First, during his December 2006 plea and sentencing hearing, the court outlined the rights Petitioner was waiving by entering a guilty plea. (Doc. 8-1, at 153). The trial court asked Petitioner if he wished to "admit to four counts with the major drug offender specification appended to one," and Petitioner indicated that he did. (Doc. 8-1, at 153). The court then went through each count and discussed the sentencing ranges for each count. (Doc. 8-1, at 153). The record also reflected that Petitioner indicated he understood all his rights and the consequences of foregoing those rights, but still expressed his desire to enter a guilty plea. (Doc. 8-1, at 153-54). Petitioner also signed a "written plea of guilty" which listed the potential sentencing ranges

9

for each offense and all of the rights Petitioner was waiving by entering the agreement as well as a sentencing recommendation from the prosecutor. (Doc. 8-1, at 154-55).

Based on the signed change of plea form and Petitioner's verbal admissions and acknowledgements, it was objectively reasonable for the state courts to determine Petitioner had been advised of his constitutional rights and that he understood the nature of the charge and effect of his plea. Moreover, it was not unreasonable, and, indeed, was objectively reasonable, for the state courts to determine Petitioner made a knowing, intelligent, and voluntary waiver of his constitutional rights. Therefore, Petitioner's claim that his guilty plea was not knowingly and voluntarily made fails on its merits.

### CONCLUSION AND RECOMMENDATION

Following review, and for the reasons stated above, the undersigned recommends the Court dismiss the Petition.

      s/James R. Knepp II
      United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).