PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| RONALD R. PHILLIPS, JR., | ) |
| | ) CASE NO. 5:09CV01848 |
| Petitioner, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| MARK HOUK, *Warden, originally named* | ) |
| *as* KEITH SMITH, | ) **MEMORANDUM OF OPINION &** |
| | ) **ORDER** [Resolving ECF Nos. 59, 60, and |
| Respondent. | ) 61] |

This matter is before the Court on limited remand from the Sixth Circuit to review the merits of Petitioner Ronald R. Phillips, Jr.s' voluntariness-of-plea claim under 28 U.S.C. § 2254.

Petitioner initially filed a Writ of Habeas Corpus (ECF No. 1) and an Amended Petition (ECF No. 15) after his state appeals proved unsuccessful. Respondent filed a Return of Writ and an amended response. ECF Nos. 8 and 24. Petitioner filed a Traverse. ECF No. 30. United States Magistrate Judge James R. Knepp, II prepared a report in accordance with 28 U.S.C. § 636(b)(1)(B) and recommended that Petitioner's petition be dismissed on January 4, 2012 (ECF No. 39), which the Court adopted on June 13, 2012. ECF No. 42. Petitioner appealed, challenging the major drug offender specification and the voluntariness of his plea. ECF No. 44. The United States Court of Appeals for the Sixth Circuit granted a certificate of appealability on Petitioner's voluntariness-of-plea claim, but denied review of his major drug offender specification claim. ECF No. 46.

(5:09CV01848)

The Sixth Circuit concluded that Petitioner's voluntariness-of-plea claim had not been procedurally defaulted and remanded the case to the undersigned for further proceedings on that claim under habeas review.  *Phillips v. Houk*, 587 F. App'x 868, 872 (6th Cir. 2014).  The case was again referred to Magistrate Judge Knepp, who again recommended dismissing Petitioner's petition.  ECF No. 52.  Petitioner filed objections and supplemental objections to the magistrate judge's report and its recommendations.  ECF Nos. 59 and 61.  The Court hereby grants Petitioner's motion for leave to file supplemental objections.  ECF No. 60.  The Court has reviewed the above filings, the relevant portions of the record, and the governing law.  For the reasons provided below, the Court overrules Petitioner's objections and adopts the report and recommendations of the magistrate judge.

## I. Factual and Procedural Background

Ohio's Ninth District Court of Appeals established the following factual background in *State v. Phillips*, 2008-Ohio-6795:

> Akron Police arrested Phillips on November 22, 2005 after conducting a controlled delivery involving approximately 342 grams of methamphetamine.  On December 5, 2005, the grand jury indicted Phillips on the following counts: (1) aggravated possession of drugs, pursuant to R.C. 2925.11(A); (2) aggravated trafficking in drugs, pursuant to R.C. 2925.03(A)(2), with a major drug offender specification, pursuant to R.C. 2941.1410; and (3) conspiracy to commit aggravated trafficking, pursuant to R.C. 2925.03(A)(2) and R.C. 2923.01(A)(1)/(2), with a major drug specification, pursuant to R.C. 2941.1410.  On December 22, 2005, the grand jury returned a supplemental indictment charging the following additional counts: (1) aggravated possession of drugs, pursuant to R.C. 2925.11(A); and (2) possession of marijuana, pursuant to R.C. 2925.11(A).  Finally, on May 1, 2006, the grand jury returned a second supplemental indictment charging Phillips with complicity to commit aggravated trafficking in drugs in violation of R.C. 2923.01, pursuant to R.C. 2925.03(A)92) and R.C. 2923.03(A)(2)/(3), with a major drug offender specification.

(5:09CV01848)

>Phillips initially pled not guilty to all of the foregoing charges, but changed his plea before trial. On December 13, 2006, Phillips came before the trial court with his trial counsel for a plea and sentencing hearing. Phillips signed 'a written plea of guilty' in which he pled to the following charges: (1) two counts of aggravated possession, pursuant to R.C. 2925.11(A); (2) possession of marijuana, pursuant R.C. 2925.11(A); and (3) complicity to commit trafficking, pursuant to R.C. 2925.03(A)(2) and R.C. 2923.03(A)(2)/(3), with a major drug offender specification, pursuant to R.C. 2941.1410. The trial court dismissed the remaining charges against Phillips and sentenced him to a total of [fifteen][1] years in prison.

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by the state courts are presumed correct. 28 U.S.C. § 2254(e)(1).

The Court adopts the procedural background as outlined by the magistrate judge in his Report and Recommendation in its entirety. ECF No. 52 at Page ID#: 827-831. Although Petitioner did not have counsel at the district court level, he had counsel before the Sixth Circuit. That counsel filed an appearance for Petitioner with the Court on October 23, 2014, after the Sixth Circuit's decision. ECF No. 49. Afterwards, the Court allowed Petitioner's counsel to withdraw (ECF No. 58) because counsel could not complete the objections as requested by Petitioner. ECF No. 57. In his objections, Petitioner continues to object to the major drug offender specification and the voluntariness of his plea. ECF Nos. 59 and 61. The Court, however, will only consider Petitioner's voluntariness-of-plea claim, as mandated by the Sixth

---

[1] The appellate court's original opinions stated Petitioner was sentenced to only eleven, and not fifteen, years imprisonment. The court later corrected the error in a subsequent order. ECF No. 8-1 at PageID #: 217.

3

(5:09CV01848)

Circuit.  ECF No. 48.  See *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999) ("a district court is bound to the scope of the remand issued by the court of appeals").

## II.  Standard of Review for a Magistrate Judge's Report and Recommendation

When objections have been made to a magistrate judge's Report and Recommendation, the district court's standard of review is *de novo*.  Fed. R. Civ. 72(b)(3).  A district judge

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*  Near verbatim regurgitation of the arguments made in earlier filings are not true objections.  When an "objection" merely states disagreement with the magistrate judge's suggested resolution, it is not an objection for the purposes of this review.  *Cvijetinovic v. Eberlin*, 617 F.Supp. 2d 620, 632 (N.D. Ohio 2008), *rev'd on other grounds*, 617 F.3d 833 (6th Cir. 2010).  Such "general objections" do not serve the purposes of Fed. R. Civ. P. 72(b).  *See Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio April 7, 2006).  "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'"  *Id.* (citing *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981)).  The Supreme Court upheld this rule in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), a habeas corpus case.

## III.  Standard of Review for Habeas Petitions

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions

4

(5:09CV01848)

filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see also Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 420, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774–76 (6th Cir. 2008). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Wilkins*, 512 F.3d at 774. A federal court may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d at 774–76.

A decision is contrary to clearly established law under 28 U.S.C. § 2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of . . . clearly established Federal law," the state court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id.* at

5

(5:09CV01848)

409. Furthermore, it must be contrary to holdings of the Supreme Court, rather than dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under 28 U.S.C. § 2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528–29 (2003). In other words, a state court's determination of facts is unreasonable if its findings conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir.1998).

### IV. Discussion

In his objections and supplemental objections, Petitioner challenges his classification as a major drug offender at great length (ECF No. 59 at PageID#: 846-60), but the Sixth Circuit denied review of this issue. ECF No. 46. The Court is limited to reviewing only what the Court of Appeals remanded. *See Campbell*, 168 F.3d at 265. Petitioner also argues that his plea was involuntary, but a review of the record shows that he admitted to all charges without hesitation during the combined plea and sentencing hearing. He was aware that one of the charges came with a major drug offender specification, which added a mandatory sentence of anywhere between 1 and 10 years. ECF No. 8-2 at PageID#: 299. The plea agreement struck a deal of 5 years. ECF No. 8-2 at PageID#: 307. The judge asked him if he understood the nature of his

(5:09CV01848)

plea and to what he was pleading guilty.  The judge also asked all the necessary questions to ensure that Petitioner's plea was voluntarily, knowingly, and intelligently made:

> THE COURT: All right.  Mr. Phillips, I need you to stand.  In fact, come up here, counsel and Mr. Phillips.  I want to be able to look you close in the face here, and let's talk.
> You've heard the attorneys tell me you're ready to change your prior plea and admit to four counts with the major drug offender specification appended to one, provided that two other counts, each with major drug offender specifications, be dismissed.
> Is that what you want to do at this time?
> THE DEFENDANT: Yes.
> THE COURT: And you understand with that course of action it means that we will not continue and conclude the jury trial that's underway?
> THE DEFENDANT: That's correct.
> THE COURT: Is that what you want to have happen here?
> THE DEFENDANT: Yes.
> THE COURT: Do you understand these charges against you?
> THE DEFENDANT: Yes.
> THE COURT: Have you had sufficient time to discuss matters concerning them with your attorney?
> THE DEFENDANT: Yes.
> The COURT: Has he answered your questions?
> THE DEFENDANT: Yes.

ECF No. 8-2 at PageID #: 296-97.  The Court subsequently reviewed each count to which Plaintiff pled guilty and the sentencing ranges.  ECF No. 8-2 at PageID #: 297-301.  Petitioner understood his constitutional rights and the consequences of foregoing said rights.  ECF No. 8-2 at PageID #: 299.  Additionally, Petitioner signed a written plea of guilt that contained the potential sentencing range for the major drug specification and a sentencing recommendation from the prosecutor (ECF No. 8-1 at PageID#: 215), which was referred to at the hearing as "an agreed" sentence of five years, five years fewer than the maximum allowable sentence for the

7

(5:09CV01848)

specification.  ECF No. 8-2 at PageID #: 307.  At the hearing, the Court engaged in the following exchange:

> THE COURT:  And Count 7 . . . talking about the drug methamphetamine . . . how do you plead to complicity to commit aggravated trafficking in drugs?
> THE DEFENDANT: Guilty.
> THE COURT: How do you plead to the specification appended to this count; namely, that you are a major drug offender?
> MS. POTH-WYPASEK: Your Honor, I don't think that requires a plea.  It's just a finding.
> THE COURT: You're quite right.  It's the Court's finding.
> It's the Court's finding by your plea to Count 7, and I make the finding, and by definition, and by what I know about this case, I will make the finding that you are a major drug offender.

ECF No. 8-2 at PageID#: 305-06.  Given the totality of the circumstances surrounding Petitioner's plea, the Court cannot find that it was made involuntarily or unknowingly of the potential consequences.  See *North Carolina v. Alford*, 400 U.S. 25, 31 (1970) (a plea must be entered into knowingly and voluntarily in light of the alternative courses of action open to the defendant); *see also King v. Dutton*, 17 F.3d 151, 153-54 (6th Cir. 1994) (determining whether plea is made voluntarily requires evaluation of all relevant circumstances surrounding plea).  The record is replete with evidence that Petitioner made a knowing and voluntary plea.  The Court finds that the state court's determination of the voluntary nature of Petitioner's plea was not objectively unreasonable and was not contrary to clearly established federal law.  Petitioner had been informed of his constitutional rights before entering a plea of guilty and understood the nature of the charges before him.  It was objectively reasonable for the state courts to determine Petitioner made a knowing, intelligent, and voluntary waiver of his constitutional rights.  Nor has

(5:09CV01848)

Petitioner shown that the state court's determination of the facts was unreasonable in light of the evidence before the state court.

Petitioner also challenges the voluntariness of his plea by arguing that he entered it as a result of ineffective assistance of counsel. ECF No. 59 at PageID#: 860-62. When "a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" Hill v. Lockhart, 474 U.S. 52, 56 (1985), quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). Although the Court is not analyzing an independent ineffective assistance of counsel claim, the Court uses the same analysis when a voluntariness-of-plea claim is alleged based on ineffective assistance of counsel. Hill, 474 U.S. at 58. To prove ineffectiveness, a petitioner must satisfy both prongs of deficient performance and prejudice under Strickland v. Washington, 466 U.S. 668 (1984). Harries v. Bell, 417 F.3d 631, 636 (6th Cir. 2005) (citing Strickland, 466 U.S. at 686-92). Deficient performance requires a showing that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. Strickland, 466 U.S. at 688. Even if counsel's performance fell below prevailing norms, relief can be granted only if Petitioner can also demonstrate prejudice. Within the context of a guilty plea, the Sixth Circuit has noted:

> In order to show that deficient performance prejudiced the defense when a defendant pleads guilty, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." A defendant can meet this burden by showing, for example, that there was an "affirmative defense," such as an insanity defense, that "likely would have succeeded at trial," or by showing that he or she was not competent to plead guilty. A defendant is competent if he or she "has sufficient present ability to consult with his lawyer with a reasonable degree of

9

(5:09CV01848)

>rational understanding" and "has a rational as well as factual understanding of the proceedings against him."

Stewart v. Morgan, 232 F. App'x 482, 487 (6th Cir. 2007) (quoting Hill, 474 U.S. at 59; Dusky v. United States, 362 U.S. 402, 402 (1960)); and (citing Jermyn v. Horn, 266 F.3d 257, 283 (3d Cir.2001); Eddmonds v. Peters, 93 F.3d 1307, 1317 (7th Cir.1996), cert. denied, 520 U.S. 1172 (1997)).

Petitioner argues that his trial counsel was ineffective for failing to argue that the major drug offender specification did not apply to him. Yet in his written plea agreement, Petitioner agreed to such classification and bargained for a sentence of five years for the specification to avoid the possible imposition of a ten year sentence. Furthermore, not only was this issue adequately addressed by the magistrate judge in the original adopted report and recommendation (ECF Nos. 39 at PageID #: 732-35 and 41), the Sixth Circuit declined to review Petitioner's challenge to the major drug offender specification, stating:

> Phillips first asserts that the district court erred in dismissing his challenge to the major-drug-offender specification. Relying on *Apprendi v. New Jersey*, 520 U.S. 466 (2000), and the Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct 2151 (2013), he argues that there was insufficient evidence to support that specification. His argument ignores the fact that he pleaded guilty to the major-drug-offender specification. Thus, no fact-finding was required by the trial court. Given his guilty plea to this specification, reasonable jurists could not conclude that this claim deserves further encouragement.

ECF No. 46 at PageID#: 811. The Court cannot conclude that Petitioner's counsel was ineffective regarding a particular claim that the Sixth Circuit has found to be without merit. The Court finds that Petitioner cannot demonstrate that his counsel performed deficiently and therefore cannot meet the requirements of *Strickland*.

10

(5:09CV01848)

## V. Conclusion

For the reasons set forth herein, the Court adopts the Report and Recommendation (ECF No. 52) and overrules Petitioner's objections. Accordingly, both the Petition (ECF No. 1) and the Amended Petition (ECF No. 15) are denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).


   IT IS SO ORDERED.

   February 12, 2016                                 /s/ Benita Y. Pearson
Date                                                 Benita Y. Pearson
                                                          United States District Judge